NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OVIMER MONESTINE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72155

Agency No. A209-386-613

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Ovimer Monestine, a native and citizen of Haiti, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, humanitarian

asylum, withholding of removal, and relief under the Convention Against Torture

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Monestine failed to establish the harm he experienced was on account of a protected ground, including an imputed political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008) (past persecution based on anti-gang political opinion not established where petitioner's evidence failed to show that he was ideologically opposed to the gang and instead demonstrated he was victimized for economic and personal reasons), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Substantial evidence also supports the agency's determination that Monestine failed to establish an objectively reasonable fear of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable, in part, because similarly-situated family members remained in petitioner's home country unharmed). Thus, Monestine's asylum, humanitarian asylum, and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because

Monestine failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Haiti. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**